Joseph W. Cribb, S.
This is a proceeding requesting a construction of paragraph sixteenth of the last will and testament of Macy L. Lerner, who died in the City of Rochester, Monroe County, New York, on the 7th day of March, 1962, leaving a last will and testament which was duly admitted to probate in this court on the 16th day of March, 1962. The decedent left him surviving a wife, two children, and five grandchildren under the age of 21 years.
*2 The decedent left the residue of his estate in trust for his wife for life (with the right to receive principal), then in trust for the life of his two children, the principal balance to be distributed to his grandchildren upon the death of his children.
Paragraph sixteenth of said will reads as follows: “It is my request that after my death, my grandchildren visit my grave in Israel, and that such visit take place within five (5) years of my death, unless such grandchild be under the age of eighteen (18) years, in which event said visit shall take place within two (2) years after attaining age eighteen (18) years. If any of my grandchildren comply with my request in this regard, then I direct my Trustee to pay the expenses of such trip or trips from the principal of the trusts heretofore created.”
Since strict compliance with paragraph sixteenth of the will would be most difficult under present conditions, the petitioners have requested this construction proceeding in order to carry out the wishes of the decedent. At the time of the death of the decedent and during five years thereafter, none of the grandchildren of the decedent had reached the age of 18 years. If some of the grandchildren must be taken to Israel in accordance with the exact terms of paragraph sixteenth, they will have to be taken to Israel on separate trips, resulting in considerable personal expense to their parents who will be supervising them, and whose own travel expenses will not be paid for out of the trust, and will result in considerable inconvenience to said parents who would be unable to take all of said children on separate trips. The military and political situation in the Middle East is also such that it may be dangerous if not impossible to take such grandchildren to Israel in accordance with the exact terms of said paragraph sixteenth. That one of the petitioners herein took some of the grandchildren to the State of Israel five years ago to make sure that she would be able to carry out the intentions of the testator because of the impending military situation in the Middle East.
The petitioners herein are the wife and son of decedent and the trustee of the residuary trust referred to; the consent of the decedent’s daughter has been obtained; the guardian ad litem for the grandchildren approves of the petition herein and has urged this court to pass upon the petition herein favorably; and there are no other persons interested in this proceeding except those mentioned herein.
This court is satisfied on all of the proof submitted herein that the primary desire and intention of the testator was that his estate should make available the opportunity to each of his grandchildren to visit the State of Israel, that the particular *3 time and method of condncting such a visit is secondary and that had the testator known of the conditions surrounding the State of Israel from the international and military standpoint which now exists, he would have provided in his will for the opportunity of his grandchildren to visit the State of Israel under circumstances and conditions more consistent with the petition herein.
In view of the above, I conclude that the petition should be approved, and that in accordance therewith the petitioner, Therma G-. Lerner, be reimbursed in the amount of $7,100.52, for the cost of taking some of the grandchildren to the State of Israel in June of 1965, and that the petitioner, Hobart A. Lerner, be permitted to take the remainder of the grandchildren to Israel hereafter, and be reimbursed for such expenses in the amount of $7,500.